UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ENTEXT LLC, et al., | ) | CASE NO. 1:07CV3541 |
| | ) | |
| Plaintiffs, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| RALPH ABERCIA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**CHRISTOPHER A. BOYKO, J**.:

This matter comes before the Court upon the Motion (ECF DKT # 3) of Plaintiffs, Entext LLC and Joshua L. Gottlieb, for Temporary Restraining Order and Preliminary Injunction. For the following reasons, the Motion for Temporary Restraining Order is denied and the Court reserves ruling on the request for a Preliminary Injunction.

**I. FACTUAL BACKGROUND**

The above-captioned lawsuit was filed on November 13, 2007. Plaintiff Gottlieb is the President and controlling shareholder of Plaintiff Entext LLC. In January of 2007, Defendant Abercia contacted Plaintiff Gottlieb by telephone and e-mails and represented he had re-acquired rights from Paul W. Meyer and Mary Junne Meyer to six hundred and forty acres of land (including easements, mineral rights and water rights) in Linn County, Kansas, known as Snow Hill Rock Quarry. Later, Defendant Abercia allegedly represented he had

"serious" negotiations with an entity Plaintiffs call "XYZ Group, Inc.", for re-sale to XYZ of five hundred acres of that property. Defendant Abercia needed further financial backing from Plaintiffs to complete the deal. In June of 2007, Plaintiffs and Defendant Abercia negotiated the formation of Snow Hill Partners LLC ("SHP"), to acquire the property from the Meyers and concurrently close the re-sale to XYZ. Defendant was to own ninety percent and Plaintiffs were to have a ten percent equity interest in SHP. Over the next two to three months, Plaintiffs allegedly agreed to an immediate loan of One Hundred and Ten Thousand Dollars, and to fund future loans to SHP to make periodic payments to the Meyers. In his Affidavit at ¶ 14, Plaintiff Gottlieb avers he, in fact, caused Entext to wire One Hundred and Ten Thousand Dollars to the Meyers on August 20, 2007. Plaintiffs and Defendant anticipated that the completed contract with XYZ would cover the remainder of the total purchase price for the Kansas property. Allegedly in reliance on the representations of Defendant Abercia, Plaintiffs also filed the necessary paperwork and formed Snow Hill Partners LLC in Texas.

On September 4, 2007, Defendant Abercia sent an e-mail, attaching an amended contract with XYZ. In addition to a reduced purchase price, the entity identified as owning the Kansas property and selling to XYZ was Integrated Drilling Contractors LLC ("IDC"). Plaintiff Gottlieb alleges this is the first he heard of IDC, and that these amendments were made without his knowledge or approval. Plaintiff wrote back about the "discrepancy" and suggested Defendant convey a ten percent interest in IDC to him, or arrange for Plaintiffs to own one hundred percent of SHP, with a conveyance of a ten percent interest in IDC to SHP. Defendant Abercia failed and refused to provide ownership shares or certificates for SHP.

After additional telephone and e-mail communications in October of 2007, Plaintiff Gottlieb was convinced to allow the Kansas property to be purchased by IDC, with an immediate conveyance of a ten percent interest back to Plaintiffs, Gottlieb and Entext. Thereafter, Plaintiff prepared a new purchase agreement in the name of IDC and sent it to Abercia.  A copy was returned, executed on October 26, 2007 by the Meyers and by Abercia on behalf of IDC.  However, the anticipated ten percent interest in IDC was never conveyed to Plaintiffs.

Plaintiffs allege and aver that Defendant Abercia has re-directed the property purchase contract from SHP to IDC, and has effectively, "frozen" Entext and Gottlieb out of any ownership interest in the entity buying the property from the Meyers.  This has been accomplished despite the fact that Plaintiffs' funding allowed Defendant to go forward with all of the negotiations, and perhaps, complete the deal.  If XYZ makes an expected Five Million Dollar payment on November 20th or 21st, Plaintiffs are excluded; and even if XYZ does not make the payment when due, Plaintiffs' rights and interests under the modified SHP partnership agreement will be worthless.

On November 19, 2007, Plaintiffs filed their motion for injunctive relief.  Counsel's affidavit relates the good faith attempts to notify Defendants before proceeding with an *ex parte* motion.  Plaintiffs allege, unless restrained by this Court, Abercia will continue to exclude them from their rightful ten percent ownership interest in SHP/IDC; prevent Plaintiffs from acquiring an interest in the property when sold by the Meyers; and eliminate Plaintiffs' share of the purchase price for re-selling the property under the XYZ contract.

## II. LAW AND ANALYSIS

**Standard of Review**

Injunctive relief is an extraordinary remedy and is issued cautiously and sparingly. *See Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312-313 (1982).

Four factors must be considered when deciding whether to grant an injunction: (1) whether the movant has a strong likelihood of success on the merits; (2) whether there is a threat of irreparable harm to the movant; (3) whether others will suffer substantial harm as a result of the injunction, should it issue; and (4) whether the public interest will be served by the injunction. *See Rock & Roll Hall of Fame and Museum, Inc. v. Gentile Prods.*, 134 F. 3d 749, 753 (6th Cir. 1998); *Vittitow v. Upper Arlington*, 43 F. 3d 1100, 1109 (6th Cir. 1995) (the four factors are "not prerequisites to be met, but factors to be balanced."); *D.B. v. Lafon*, 2007 U.S. App. LEXIS 3886 (6th Cir. 2007). While no single factor will be determinative as to the appropriateness of the equitable relief sought, (*In re DeLorean Motor Co.*, 755 F. 2d 1223, 1229 (6th Cir. 1985)), " a finding that there is simply no likelihood of success on the merits is usually fatal." *Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F. 3d 620, 625 (6th Cir. 2000).

The moving party must establish its case by clear and convincing evidence. *See Deck v. City of Toledo*, 29 F. Supp. 2d 431, 433 (N.D. Ohio 1998), *citing Garlock, Inc., v. United Seal, Inc.*, 404 F. 2d 256, 257 (6th Cir. 1968).

Most significantly, the Sixth Circuit Court of Appeals has stated, "equity cannot intervene where there is an adequate remedy at law." *Friendship Materials, Inc. v. Michigan Brick, Inc.*, 679 F. 2d 1000, 104 (6th Cir. 1982).

This Court will agree with Plaintiffs that they are in a "vulnerable position." They

allegedly have loaned substantial amounts of money to Defendants, and expended significant time and energy in furtherance of the goals of a potentially profitable joint venture, involving the purchase and re-sale of real property in the state of Kansas.  They allege Defendants are using Plaintiffs' money; yet refusing to convey a ten percent ownership interest in the joint venture entity, SHP.  They fear Defendants will accept a large payment from XYZ before November 22, 2007, and "will secret, seclude and sequester such funds from Plaintiffs' ability to reach them." (Plaintiffs' Brief at 3).  Further, "Plaintiffs will have lost their opportunity to participate in the sale of the rights to the Property to XYZ or any other interested purchaser, and will have lost out on the significant expectancy under the Property Purchase Agreement." *Id*.  When Plaintiffs insist that money damages are inadequate to fully protect them, however, the Court's agreement must end.

Plaintiffs' Complaint alleges claims for breach of contract, fraud, breach of fiduciary duties, and securities violations.  Plaintiffs' injuries, if proven, are monetarily compensable.  Plaintiffs have not met their burden of demonstrating, by clear and convincing evidence, that they will suffer irreparable harm without the injunctive relief requested.  Taking Plaintiffs' own extensive factual recitations in the Complaint and Affidavit as true, their claims, nonetheless, are entirely amenable to legal relief.

### III. CONCLUSION

Plaintiffs have failed to satisfy their burden of demonstrating entitlement to injunctive relief by clear and convincing evidence.  This Court cannot, and will not, exercise its equitable powers "where there is an adequate remedy at law."  *Friendship Materials*, 679 F. 2d at 104.  For the foregoing reasons, the Court denies Plaintiffs' Motion for Temporary

Restraining Order, but reserves ruling on their request for a Preliminary Injunction.

**IT IS SO ORDERED.**

**DATE: November 20, 2007**

                                       **s/Christopher A. Boyko**
                                       **CHRISTOPHER A. BOYKO**
                                       **United States District Judge**